Good morning, your honor. Phil Heidem on behalf of the appellant, Mr. Aviles. Okay, wait just a moment as we sort of adjust from the last case, and I'll tell you when to go ahead. But if you'll just be patient for just a moment, please. Okay, I'm sorry, your name again? Your honor, it's Phil Heideman. Okay, Mr. Heideman, please, please go ahead. We're ready for you now. Thank you. Good morning, your honors. And thank you for allowing me to appear telephonically. As this court is well aware, in United States v. Lopez, this court went to great length to define its decision in changing and overruling the earlier case of United States v. Ramirez, in part. And in reviewing this record, there are no separate transportations as the government would like this court to possibly believe. This was a fluid action. The government presented its evidence to the court with an expert witness talking about the fluidity of these types of cases and alien smuggling. And now the government would like this court to believe that transport, as mentioned under the conspiracy portion of 8 U.S.C. 1324, is somehow different than the transport as defined under 8 U.S.C. 1324 A-2 versus A-1-6 or lowercase 6 I. Your honor, we would contend, Mr. Aviles contends that- Mr. Heideman, hang on a second. Judge Nelson has a question. The sound is a little difficult. We're talking about the jury instructions. I'd like to ask you about that. The jury was instructed that it was to consider each count separately. Can you point me to any place in the jury instructions where the words immediate destination or reading to were mentioned with respect to count one? Not count two or three, but with respect to count one? Your honor, I apologize. The background I picked up on mine, I don't have it on speaker anymore, but the reverberation from it is hard for me to hear. All right. I'll be happy to repeat. Thank you. You are arguing in your place that the jury instructions were vaguely confusing to the jury as to count one. The jury, however, was instructed that it was to consider each count separately. Can you point me to any place in the jury instructions where the words immediate destination or reading to were mentioned with respect to count one? I'm speaking only about count one, not count two or three. What I can point the court to is that when the court instructed that to conspiracy, it did not use the words ultimate destination or immediate destination. But there is no instruction where that jury was instructed to separate the evidence, as would be with most counts. It was told to consider each count separately and similar to at least in Arizona on a state statute level. It has two counts under state statute, and this is by way of analogy for it's driving while under the influence of intoxicating liquor. And under its statute, they separate driving under the influence and then driving with a chemical test result above a certain number. And similar to that, it always instructs a jury that there are two separate charges. However, the evidence is all considered together and certainly nothing here in this case is any different. While every court instructs every jury to consider each separately, there is nothing that was instructed in this case, like most, that the evidence has to be somehow separated. Thank you. You may proceed. I apologize. I did not. Oh, Judge Nelson said she understands your position and you may go forward. Thank you. And I'd like to reserve three minutes for rebuttal to. OK, as I've got it, you've got about five minutes and 45 seconds left. Thank you, Your Honor. Sure. This is the same transport as much as the government wants to disassociate this transport somehow for this court. It never did that in the record. It never tried to separate out a conspiracy transport from a transport under. 1324, a two, because they're not because it's the way they presented their case and the way they argued their case, of course, with an expert witness. And again, I will I'll allude to possibly an expert witness, a crime scene expert or a criminalist. They talk about the effect of what their theory was. And the theory was that there was a transport that occurred. They may have backed off of their theory about Mr. Avila's being a foot guide, but that didn't disassociate from their transport under the conspiracy of the same statute with transport for under a two of 1324. I understand what you're trying to do, but I'm having trouble with it. That is to say, it seems to me that the crime on account one is transporting illegal aliens for basically for and whether or not he's bringing them into the country or not bringing them into the country is irrelevant to the conviction under under count one. Is that right? Your Honor, I would disagree with that. Let me ask it this way, then. Is it necessary for a conviction under count one that the transportation have been accomplished as part of bringing somebody into the country? I think for the conspiracy conviction to stand the transport as the facts of the case and under this case is part of the same transport that was going on as to the. Well, I understand that, but maybe I did not formulate my question well enough. Considered in the abstract, just looking at the statute of transporting illegal aliens, is it necessary for a conviction to transporting illegal aliens under this statute that the transportation have been part of bringing the illegal alien into the country? I think it is necessary to have that there is some transportation, whether it be by. I understand the transportation part. My question is, is it necessary to a conviction under transportation that the transportation have been part of bringing the alien into the country? I think after Lopez in the abstract, I don't believe so. That's my understanding. And the fact that this transportation might under some definition of bringing in have been bringing in or whether it wasn't bringing in seems to me irrelevant to the conviction for transporting. And of course, we would we differ on that in that regard, your honor, respectfully. Well, help me out. Why do you differ? Because I don't I don't understand the argument. Well, the argument is, is that the the Lopez court set forth the four reasons of why of how it defined transport. And of course, it overruled or I believe it set aside the aiding and abetting portion of 1324, which is under a one which obviously has the conspiracy. But the there is no separate under what we're arguing is, is, of course, every time a court instructs for it, it always tells a jury to consider each charge. But more importantly, the transport that is part of the conspiracy conviction here is the same transport that this government is dismissed. There's not separate acts. It's part of a fluid method, at least under their theory and what they argued at trial. I was not trial counsel in this matter that this was all part of a similar whether it occurred after they entered, which is what they ultimately argued, or whether he was a foot guide before, which they backed off of. OK, got it. Now you're down to about a minute and 40 seconds. Do you want to save it? Please. OK. Good morning, your honors. May it please the court. My name is Munoz Sharda, assistant United States attorney from the District of Arizona. I represent the government in this case. Your Honor, as Judge Fletcher, you've indicated the the charges themselves were completely separated by the district court. The district court first charged in the conspiracy elements, then charged on the objects, which in part was the transportation of illegal aliens, and then set. And then there was no discussion during that during that instruction of the immediate destination test. That instruction was solely on the bringing in counts. There was no overlap, and the court explicitly told the jury to and instructed them that it should not let its deliberations on one charge affect its deliberations on another charge. The government did the same, your honor. In closing argument, the government first talked about the conspiracy and the conspiracy to transport and then said something to the effect of now let's turn to the bringing in counts. And so separated out those two those two issues at the time obviously under the immediate destination test the law was different and so the instructions were fine, but prior to sentencing he was both of those counts were dismissed. The government did not proceed on those and the court didn't sentence the defendant on those. So so as such the the bringing in counts were never sort of commingled or overlapped with the conspiracy count or the some of those arguments is that the instructions is the counts two or three could have affected count one. Is that possible? I think that's his his argument, your honor, but no I respectfully disagree. I don't think that they could have been because the court explicitly instructed the jury on what elements needed to be satisfied for both the conspiracy count and for the underlying transportation count for the conspiracy. It didn't say that the government had to prove that the aliens didn't reach their immediate destination. So though the elements of the offense for charging the jury on the on the bringing in counts just were not even relevant. So therefore thank you, your honor. So therefore there was no commingling of of the two of the two offenses. And as such and as such the the discussion of the immediate destination test didn't affect the jury's the jury's ultimate verdict. Unless the court has any other questions with regard to anything else in the briefs, the government will submit on the briefs. Any further questions from the bench? No, thank you very much. Thank you, your honor. And Mr. Heinlein, you have some time. Thank you, your honor. Your honor, this court has held and we cited in our brief two ninth circuit cases, United States versus Frega, F-R-E-G-A, United States versus T-A-G-A-L-I-C-U-D, 96 and 99 cases that the province of the jury and for the for the government to state that the immediate destination test didn't affect the jury. There is no instruction that the court gave is that they had to separate the evidence when deciding the charges. There is no definition of transport under 1324 that separates it for conspiracy or for the A2. They don't the court and the case law isn't any different as far as the timeline goes for conspiracy. Everything that the government presented to the jury and that was decided was under the theory of ultimate destination. That's they had their expert witness testify about. That's what they that was their theory of the case and they didn't there is no nothing that showed that a conspiracy had a different timeline or definition for transport. They didn't distinguish it in any ways. Your honors, unless there's any further questions, we submit on our briefs. Okay, thank you very much. Thank both counsel for their helpful argument. The case of the United States versus Aviles is now submitted for decision.
judges: Nelson, Fletcher, Tallman